**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Federal National Mortgage Association, | Civ. No. 13-2864 (SRN/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dionne Foster, John Doe, and Mary Roe, | |
| Defendants. | |

Curt N. Trisco, Esq., and Jeffrey D. Klobucar, Esq., Schiller & Adam, PA, counsel for Plaintiff.

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Defendant Foster.

## INTRODUCTION

This matter is before the Court, United States Magistrate Judge Jeffrey J. Keyes, on sua sponte consideration of remand.  This eviction action was originally initiated by Plaintiff Federal National Mortgage Association ("Fannie Mae") in Minnesota District Court, Hennepin County, on October 10, 2013.  Defendants are the former owners of the property located at 3336 Daylily Avenue N., Brooklyn Park, Minnesota.  The property was previously the subject of a mortgage foreclosure sale on March 22, 2013.

On October 17, 2013, Defendant Dionne Foster removed this action from Minnesota state court on the basis that this Court has original jurisdiction over the

matter pursuant to 28 U.S.C. § 1345, asserting that Plaintiff is deemed a federal agency pursuant to 12 U.S.C. § 1452(f).

This case is similar to numerous other eviction actions that have been removed from state court to this court in recent months.  In several other such cases, the plaintiff moved to remand the eviction actions back to state court; however, in this case Fannie Mae elected to file a Motion to Dismiss Defendant's Counterclaims (Doc. No. 8), and a Motion to Sever Defendant's Counterclaims (Doc. No. 14).  The District Court has referred the motions to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. (Doc. No. 5.)  It is this Court's determination that sua sponte remand is appropriate without consideration of Plaintiff's pending motions.

Federal courts are courts of limited jurisdiction.  *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991).  Therefore, the court may raise sua sponte issues of subject-matter jurisdiction and abstention from exercising jurisdiction, even if the parties concede the issues.  *Id.* at 523; *MCC Mortgage LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 942 (D. Minn. 2010) (noting that the court raised the issue of abstention sua sponte).  The district court must strictly construe the removal statute against removal jurisdiction and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction.  28 U.S.C. § 1447(c); *Masepohl v. American Tobacco Co., Inc.*, 974 F. Supp. 1245, 1249 (D. Minn. 1997) (internal citation omitted).

Without deciding whether this action was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1345, the Court is persuaded that abstention from exercising jurisdiction is appropriate in this instance.  This Court has abstained from exercising jurisdiction over substantially similar cases.  *See Fed. Home Loan Mtg. Corp. v. Contreras*, No. 13-cv-897, Doc. No. 25 (ADM/AJB) (D. Minn. Aug. 29, 2013) (citing cases), *adopted at* Doc. No. 29 (D. Minn. October 1, 2013).

Federal courts may decline to exercise jurisdiction in "exceptional circumstances."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (quotation omitted).  Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction.  *See id.* at 716, 728–29, 733–34.  Federal courts exercise discretion to "restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary."  *Burford v. Sun Oil Co.*, 319 U.S. 315, 317–34 (1943) (citations omitted).

In *MCC Mortgage LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939 (D. Minn. 2010), a district court in this District determined that it could abstain from hearing an eviction action removed from Minnesota state court, citing *Burford v. Sun Oil Co.*, 319 U.S. 315, 317–34 (1943).  *MCC Mortgage*, 685 F. Supp. 2d at 947.  Under *Burford*, abstention is appropriate where the action involves "difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to

3

establish a coherent policy with respect to a matter of substantial public concern."

*Quackenbush*, 517 U.S. at 726–27 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)).  The court in *MCC Mortgage* noted that "even where jurisdiction otherwise exists, courts often abstain from hearing eviction matters to avoid 'completely emasculat[ing] the state structure for dealing with such disputes.'"[1]  685 F. Supp. 2d at 946–47 (quoting *MRM Mgmt. Co. v. Ali*, No. 97-cv-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997)); *see also, e.g.*, *Homesales Inc., of Delaware v. Greene*, No. CV 10-3024-CL, 2010 WL 1630469, at *2–3 (D. Or. March 25, 2010) (stating that because unlawful detainer actions involve a state regulatory statute and important state policy issues, the federal court should abstain and remand the matter to state court) (report and recommendation adopted by district court on other grounds, 2010 WL 1630468 (D. Or. April 19, 2010[2]); *CPG Finance I, L.L.C. v. Shopro, Inc.*, No. 06-3015-CV-S-RED, 2006 WL 744275, at *4 (W.D. Mo. March 22, 2006) (noting that policy

---

[1]     Although the court in *MCC Mortgage LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939 (D. Minn. 2010), declined to abstain from jurisdiction, that case is factually-distinguishable from this action, which involves a post-foreclosure eviction of a former mortgagor.  Further, this Court is cognizant that this action is one of numerous post-foreclosure eviction actions that have been removed to this court in the last several months on the same removal grounds Defendant invokes here, which further distinguishes the present action and the Court's ability to efficiently and expediently handle such summary eviction proceedings.

[2]     In *Homesales Inc. of Delaware*, the district court found that the court had no subject-matter jurisdiction over the unlawful detainer action, and therefore did not reach the issue of abstention in adopting the magistrate judge's

(Footnote Continued on Next Page)

objectives underlying abstention support remand of removed dispossessory

action) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. at 716) ("[A]bstention

is warranted by considerations of proper constitutional adjudication, regard for

federal-state relations, or wise judicial administration.")); *Glen 6 Assocs. v. Dedaj*,

770 F. Supp. 225, 228–29 (S.D.N.Y. 1991) (finding that principles of comity and

federalism dictate abstaining from eviction matter and noting that accepting

removal of eviction proceedings to federal court would overburden the federal

system).

Although "abstention 'is the exception, not the rule,'" *MCC Mortgage*, 685

F. Supp. 2d at 947 (quoting *Colorado River Water Conservation Dist. v. United

States*, 424 U.S. 800, 813 (1976)), this Court concludes that abstention is proper

in this instance.  This post-foreclosure eviction action is a summary proceeding

created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is

tasked to Minnesota law enforcement personnel.  *See generally* Minn. Stat.

§§ 504B.001, subd. 4, 504B.365; *see also Homesales Inc., of Delaware*, 2010

WL 1630469, at *2–3 (noting that unlawful detainer "is a special statutory

proceeding" regulated by state law, which provides such action be brought in

state circuit courts).  Eviction actions are fundamentally a matter of state law.

*See MCC Mortgage*, 685 F. Supp. 2d at 946.  There is no federal interest in

---

(Footnote Continued from Previous Page)

recommendation of remand.  2010 WL 1630468, at *1 (D. Or. April 19, 2010).

retaining the proceedings or federal right at stake, and there is no apparent prejudice in the action proceeding in state court.  *See, e.g.*, *Glen 6 Assocs.*, 770 F. Supp. at 228.  Minnesota state district courts and the various County Housing Courts have a superior ability to handle efficiently the large volume of post-foreclosure eviction cases to which Freddie Mac or Fannie Mae is a party.  As the district court in *Fed. Home Loan Mortg. Corp. v. Matassino* (N.D. Ga. Dec. 3, 2012) noted: "The court is very aware that dispossessory actions are now, and have always been, primarily state court matters.  State courts are highly familiar with dispossessory procedure, and federal courts are ill-equipped to adjudicate these actions." *Fed. Home Loan Mortg. Corp. v. Matassino*, No. 1:11-CV-3895-CAP, 2012 WL 6622607, at *8 (N.D. Ga. Dec. 3, 2012).  Considering principles of comity, federalism, and judicial economy, this Court recommends abstaining from this matter and finds that remand is warranted.

On November 25, 2013, Fannie Mae filed a Motion to Dismiss Defendant's Counterclaims (Doc. No. 8), and a Motion to Sever Defendant's Counterclaims (Doc. No. 14), which were referred to the Magistrate Judge for Report and Recommendation to the District Court under 28 U.S.C. § 636 and Local Rule 72.1(b).  Because this Court has determined that abstention from exercising jurisdiction over this action is appropriate, it declines to address the merits of Plaintiff's pending motions.

# RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings

herein, **IT IS HEREBY RECOMMENDED** that:

1.     This action is remanded to Minnesota state district court.


Date:  December 16, 2013

_s/ Jeffrey J. Keyes_
JEFFREY J. KEYES
United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
**December 30, 2013,** a writing which specifically identifies those portions of this
Report to which objections are made and the basis of those objections.  Failure to
comply with this procedure may operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.  A party may respond to the
objecting party's brief within **fourteen days** after service thereof.  All briefs filed
under this rule shall be limited to 3500 words.  A judge shall make a de novo
determination of those portions of the Report to which objection is made.  This
Report and Recommendation does not constitute an order or judgment of the
District Court, and it is therefore not appealable directly to the Circuit Court of
Appeals.